**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**OLLIE LAMONT WILLIAMS**                                                                       **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO. 3:13CV989-HTW-LRA**

**FRANK SHAW, ET AL**                                                                              **DEFENDANTS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Ollie Lamont Williams [hereinafter "Plaintiff"] filed a Complaint pursuant to 42 U.S.C. Section 1983 on December 4, 2012, naming as Defendants Frank Shaw, Senior Warden at the East Mississippi Correctional Facility [EMCF], along with other EMCF personnel. By Order [9] filed March 6, 2013, this Court denied Plaintiff's request to proceed in this case *in forma pauperis*, and Plaintiff paid his filing fee. He has not caused process to be served on these Defendants, even though the Complaint was filed nearly two years ago. An Order to Show Cause [14] was entered on October 21, 2013, directing Plaintiff to serve process by December 20, 2013, or show cause why his Complaint should not be dismissed. Plaintiff responded to the Order, and the Court entered another Order [16] on November 14, 2013, granting Plaintiff until January 27, 2014, to serve process. On January 22, 2014, Plaintiff filed a motion [18] to have the United States Marshal serve process on his behalf. By Order [20] filed January 23, 2014, the Court denied Plaintiff's request to have the Marshal serve the summonses but directed that summonses be issued and sent to Plaintiff. By Second Order to Show Cause [21] filed on September 16, 2014, Plaintiff was again

ordered to show cause as to why his case should not be dismissed without prejudice due to his failure to serve process. Plaintiff has not responded to this Order, even though the time for responding has expired.

As previously explained to Plaintiff, this Court has no authority to direct the United States Marshal Service to assist him in service of process, particularly without pre-payment of service fees. Plaintiff was denied *in forma pauperis* status and is responsible for payment of any service of process fees. Plaintiff never caused process to be served on these Defendants, even thought the Complaint was filed nearly two years ago.

It is the opinion of the undersigned that this case should be dismissed *sua sponte* for Plaintiff's failure to prosecute his case by not having caused process to be served within 120 days after filing the Complaint and by not having complied with the Court's September 16, 2014, Second Order to Show Cause [21].

FED. R. CIV. P.4(m) provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be effected within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. ...

The time period for serving process originally expired on or about July 6, 2013, 120 days after Judge Wingate denied Plaintiff's request to proceed without payment of fees. The Court has not previously dismissed the case because prisoner plaintiffs are given great latitude in effecting process due to their incarceration. However, Plaintiff has been given a

great deal of time and has not responded to the Court's September 16, 2014, Second Order to Show Cause [21]. The undersigned must presume that he does not wish to proceed.

Plaintiff's primary request for relief in his Complaint was to be transferred away from EMCF. He is now housed at the South Mississippi Correctional Institute in Leakesville, Mississippi, so that request for relief is now moot. It may be that Plaintiff is satisfied with this result and does not wish to incur further expenses to proceed.

This Court has the authority to dismiss an action for failure of a Plaintiff to prosecute or to comply with any order of the Court both under FED. R. CIV. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

For these reasons, it is the opinion of the undersigned that the Complaint filed by Plaintiff should be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41(b). If Plaintiff objects to dismissal and shows good cause as to why his case should not be dismissed, he should be required to explain to the Court how he intends to proceed against these Defendants.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636;  Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 30th day of October 2014.

                                          S/ Linda R. Anderson
                               UNITED STATES MAGISTRATE JUDGE